[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118)
The plaintiff alleges that it owns a note and mortgage on the premises located at 95 Eleven O'Clock Road, Weston, Connecticut, which is owned by the defendant. The plaintiff further alleges that the defendant has failed to make payments on the note and mortgage since December 1, 1997, and the plaintiff has declared the entire balance of the note due and payable.
The defendant filed an answer containing five special defenses and two counterclaims.[1] The special defenses allege: (1)breach of the mortgage and note by the plaintiff; (2) breach of an implied agreement between the parties; (3) breach of the implied covenant of good faith and fair dealing; (4) unclean hands; and (5) that the defendant has the right to reinstate the mortgage and note. The counterclaims allege that the plaintiff's actions violate the Connecticut Unfair Trade Practices Act (CUTPA).
The plaintiff moves to strike each of the special defenses and counterclaims on the grounds that: (a) they do not attack the making, validity or enforcement of the note and mortgage; (b) they are not proper special defenses to a foreclosure action; and/or (c) they are legally insufficient. The defendant filed a reply to the motion to strike, arguing that special defenses in a foreclosure action do not have to relate to the making, validity CT Page 14474 or enforcement of the mortgage and note, and that each of the special defenses are proper in the context of a foreclosure action and are legally sufficient.
"The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction, and invalidity of a lien . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, and fraud . . . equitable estoppel . . . CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses . . . Other defenses which have been recognized are usury . . . unconscionability of interest rate . . . duress, coercion, material alteration, and lack of consideration . . . Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt . . . These special defenses have been recognized as valid special defenses where they are legallysufficient and address the making, validity or enforcement of themortgage and/or note . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; emphasis added; internal quotation marks omitted.) Berkeley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.).
With regard to the first special defense of payment, the defendant has failed to sufficiently plead that the plaintiff breached the mortgage and note because the defendant fails to allege that the defendant's payment cured his defaults under the note and mortgage agreements. The defendant also fails to allege that the plaintiff received such a payment from the defendant and cashed the defendant's check. Accordingly, the motion to strike the first special defense is granted.
In the second and third special defenses, the defendant has failed to plead facts demonstrating the existence of an implied agreement allegedly formed by the parties. The second and third special defenses allege only legal conclusions. "[B]reach of an implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action in CT Page 14475 Connecticut . . . Nevertheless, the [defendant has] failed to allege facts sufficient to show breach of a covenant of good faith and fair dealing. Specifically, the [defendant has] failed to allege that the expectations of the contracting parties were other than those embodied in the mortgage and/or note. See Magnanv. Anaconda Industries. Inc., 193 Conn. 538, 567, 479 A.2d 781
(1984)." (Citations omitted.) Chief v. Sargent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330307 (August 21, 1996, West, J.). Accordingly, the second and third special defenses should be stricken. In addition, because the counterclaims are based on the insufficient allegations of the first, second and third special defenses, the counterclaims should be stricken for the reasons given above.
The motion to strike the fourth special defense is granted. "[T]o successfully assert the doctrine of unclean hands as an affirmative defense to foreclosure, the mortgagor must allege inequitable conduct occurred during the actual transaction, meaning prior to the default by the mortgagor. Events occurring post-default and during the course of litigation cannot form the basis of an affirmative defense to foreclosure because they do not render the note itself invalid or unenforceable." Rinere v.M. Kalfus Building Design, Superior Court, judicial district of New Haven at New Haven, Docket No. 388220 (January 30, 1997, Celotto, S.T.R.), citing The Norwich Savings Society v. Hunter, Superior Court, judicial district of New London at Norwich, Docket No. 108808 (April 2, 1996, Walsh, J.) (16 CONN. L. RPTR. 454, 456). Because the defendant's special defense of unclean hands is based on conduct which occurred subsequent to his default under the mortgage and note, the fourth special defense should be and is ordered stricken.
The motion to strike the fifth special defense is granted. The plaintiff has no duty to enter into workout negotiations with the defendant unless provided for in the loan documents. Where such a provision exists, a special defense alleging workout goes to the making, validity and enforcement of the mortgage and note.Citicorp Mortgage Inc. v. Miller, Superior Court, judicial district of Fairfield at Bridgeport, Docket No 326759 (December 17, 1996, West, J.). The defendant has alleged that the mortgage provides a workout provision, and the mortgage provides a mechanism through which the defendant may reinstate the terms of the mortgage after the plaintiff elects to accelerate payment subsequent to a default. (Open-Ended Mortgage, ¶ 8). Nevertheless, the defendant has failed to allege facts indicating CT Page 14476 that the defendant followed or attempted to follow the steps set out in the mortgage necessary to reinstating the mortgage. Id. Rather, the defendant has merely alleged that he "claims the right to reinstate the mortgage," without alleging any subordinate facts.
Accordingly, the court hereby grants the plaintiff's motion to strike each of the defendant's special defenses and counterclaims on the grounds that they are legally insufficient.
RODRIGUEZ, J.